UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS PREMIER SOCCER, LLC, d/b/a "Global Premier Soccer," <br><br> Plaintiff, <br><br> v. <br><br> SURF CUP SPORTS, LLC, <br> d/b/a "New England Surf Soccer Club," <br> "South Carolina Soccer Club," and <br> "San Diego Surf Soccer Club,"[1] <br> LUKE KRAWCZYK, and <br> ANDREW PROSSER, <br><br> Defendants. | C.A. No. 20-cv-10430-WGY |

## DEFENDANT SURF CUP SPORTS, LLC'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Surf Cup Sports, LLC ("SCS") moves to dismiss the claims asserted against it by Plaintiff Massachusetts Premier Soccer, LLC, d/b/a Global Premier Soccer ("GPS").

As set forth in the accompanying memorandum, GPS's Amended Complaint fails to plausibly state a claim against SCS upon which relief can be granted. GPS premises its claims against SCS, a competitor in the youth soccer industry, on the theory that the independent decisions of two town soccer clubs to end their relationship with GPS and affiliate under SCS's "Surf" brand were somehow improperly procured, and that each town club's decision to publicize their new affiliation on their Facebook pages is likely to result in consumer confusion for which SCS is

---

[1] Surf Cup Sports, LLC, does not do business as South Carolina Soccer Club or San Diego Surf Soccer Club. In fact, GPS has not alleged any facts concerning the relationship between Surf Cup Sports, LLC, and either soccer club.

1

responsible. The Facebook pages at issue are owned by the <u>town clubs</u>, not GPS. These Facebook pages further truthfully reflect that each town club once affiliated with GPS but now affiliates under the Surf brand. As such, there can be nothing confusing, misleading, deceptive or unfair about those changes, and GPS has not alleged facts plausibly suggesting otherwise. Accordingly, GPS' claims against SCS for violation of the Lanham Act (Count I), conspiracy (Count IV), violation of G.L. c. 93A (Count V), violation of South Carolina's Unfair Trade Practices Act (Count VI), and common law unfair competition (Count VII) must be dismissed.

To the extent GPS contends that SCS interfered with GPS' contractual or business relations with either Defendant Luke Krawczyk or Defendant Andrew Prosser, or GPS' customers, GPS' claim also fails. The alleged noncompetition agreements Messrs. Krawczyk and Prosser signed were effectively gratuitous promises, unsupported by consideration. Further, GPS has also not alleged any basis from which it could be inferred that SCS knew that the town clubs would be breaching their contracts with GPS by affiliating as Surf clubs. GPS also has not alleged improper motive or means on the part of SCS in any of its dealings; rather, all reasonable inferences from GPS' allegations indicate that SCS engaged legitimate and lawful business competition. Accordingly, GPS' claim for tortious interference (Count II), and any related claims, should also be dismissed.

WHEREFORE, Defendant Surf Cup Sports, LLC requests that this Court grant its Motion to Dismiss and dismiss Plaintiff's claims against it, with prejudice.

        Respectfully submitted,
        **SURF CUP SPORTS, LLC**
        By its attorneys,


        /s/ Charlotte M. Petilla
        C. Max Perlman (BBO #630395)
          *max@hrwlawyers.com*
        Charlotte Petilla (BBO #671126)
          *cpetilla@hrwlawyers.com*
        Hirsch Roberts Weinstein LLP
        24 Federal Street, 12th Floor
        Boston, MA  02110
        Phone: (617) 348-4300
        Fax: (617) 348-4343


## **REQUEST FOR ORAL ARGUMENT**

In accordance with Local Rule 7.1(d), Defendant Surf Cup Sports, LLC requests that the Court hold a hearing on this motion.

        /s/ Charlotte M. Petilla

## **LOCAL RULE 7.1(a)(2) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I certify that I have conferred with plaintiff and have attempted in good faith to resolve the issues that are the subject of this Motion.

        /s/ Charlotte M. Petilla

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 18, 2020.

        /s/ Charlotte M. Petilla